Dear Mrs. Dufreche:
Your request for an opinion from e Attorney General has been referred to this office for attention.
The questions raised in your letter concern themselves with the Public Records Act.
Specifically, you are concerned with the release of student grades, test, scores, birth dates, Special Education Competent Authority Reports, medical records or any such information in the files of your school system. Further, you request to be advised of the laws enacted covering the release of such privileged records and what required authorization we must obtain prior to their release.
 LSA-R.S. 44:1(A) defines public records as follows:
 All records, writings accounts, letters and letter books, maps, drawings, memoranda and papers, and all copies or duplicates thereof, and all photographs or other similar reproductions of the same, having been used, being in use, or prepared for use in the conduct, transaction or performance of any business, transaction, work, duty or function which was conducted, transacted or performed by or under die authority of the Constitution or the laws of this state, or the ordinances or mandates or orders of any municipal or parish government or office of any board or commission or office established or set up by the Constitution or the laws of this state, or concerning or relating to the receipt or payment of any money received or paid by or under the authority of the Constitution or the laws of this state are public records, subject to the provisions of this Chapter except as hereinafter provided.
The statistics and reports of the tests given to students in the public schools, to which you refer, are records prepared for use in the conduct of the business of the parish school board, which is created by statute (R.S. 17:51), and therefore such statistics and reports are public records, subject to public inspection. R.S. 44:31.
It is an entirely different matter where access is sought to an individual student's records. This would not concern a record of the conduct of the business of the school board, but rather the performances of an individual student. Such records are confidential to the- student and his parents, and are therefore excluded from the Public Records Act. Where release of a student record has the effect of making that student personally identifiable, then its release without consent is a violation of that individual's right of privacy. Opn. Atty. Gen. Nov. 6, 1974, Opn. Atty. Gen. Jan. 31, 1974.
Your letter makes reference to medical records of a student. The legislature has considered this subject separately. LSA-R.S. 44:7.
The statute as amended is enclosed for your reference.
There can be no question on the confidentiality of a medical record. The conditions for its release are specifically considered in a detailed opinion issued by this office June 9, 1975 (Opn. No. 75-491) . We re-affirm this opinion and enclose a copy of your reference.
In conclusion, we state that statistics and reports that do not identify an individual student are subject to public inspection or release as public records.
Student records that are personally identifiable with that student are not subject to public inspection or release without the consent and authorization of the affected parties.
If there are any further questions, please do not hesitate to call on us. If any personal record should become the subject of any litigation, we recommend that you contact this office for specific advice.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 PAUL J. PERLITA Assistant Attorney General
Mrs. Glenda E. Dufreche Tangipahoa Parish School Board
The questions raised in your letter concerned the Public Records Act.See La. Rev. Stat. Ann. § 44:1A (West 1951 Supp. 1978). Specifically, you were concerned with the release of student grades, test scores, birth dates, Special Education Competent Authority Reports, medical records or any such information in the files of your school system. Further, you requested advice as to the laws covering the release of such privileged records and what authorization must be obtained prior to their release.
The statistics and reports of the tests given to students in the public schools, to which you refer, are records prepared for use in the conduct of the business of the parish school board, which is created by statute,id. § 17:51 (West 1963), and therefore such statistics and reports are public records, subject to public inspection. Id. § 44:31 (West 1951).
It is an entirely different matter where access is sought to an individual student's records. This would not concern a record of the conduct of the business of the school board, but rather the performances of an individual student. Such records are confidential to the student and his parents and are therefore excluded from the Public Records Act. Where release of a student record has the effect of making that student personally identifiable, its release without consent is a violation of that individual's right of privacy. Op. Att'y Gen. Nov. 6, 1974; Op. Att'y Gen. Jan. 31, 1974.
Your letter referred to medical records of a student. The legislature has considered this subject separately. See La. Rev. Stat. Ann. §44:7 (West Supp. 1978). There can be no question as to the confidentiality of a medical record. The conditions for its release are specifically considered in a detailed opinion issued by this office June 9, 1975 (Op. No. 75-491). We reaffirm this opinion.
In conclusion, statistics and reports that do not identify an individual student are subject to public inspection or release as public records. Student records that are personally identifiable with that student are not subject to public inspection or release without the consent and authorization of the affected parties.
Paul J. Ferlita
OPINION NO. 75-491
June 9, 1975
R.S. 44:7 as amended by Act 315 of 1974.
Re: Medical and hospital records may be released without a patient's consent if they are material and relevant to any action brought by the patient, or relevant to an action for wrongful death brought by his survivors, or if requested by a bona fide agency, school, or committee and used solely for medical purposes. Relevant medical records may also be subpoenaed if a deceased patient's will is contested. In all other cases, including investigation by law enforcement officials, a patient's specific consent is necessary for a release of the records.
Re: Confidentiality of medical records.
Ms. Sandra Mann RRA, Medical Record Department Earl K. Long Memorial Hospital 5825 Airline Highway Baton Rouge, Louisiana 70805